# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 8:41 am, Apr 03, 2020*

XAVIER DANIELS,

    Plaintiff,

v.

WARDEN MARTY ALLEN, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-45

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. Doc. 57. For the reasons below, I **RECOMMEND** the Court **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Complaint, **DENY** Plaintiff leave to appeal *in forma pauperis*, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

In a prior Order, the Court granted Defendants' motion to dismiss Plaintiff's claims alleging deliberate indifference to safety in dormitory assignment and as to serious medical needs but found Plaintiff stated a non-frivolous claim for failure to protect. Doc. 54 at 1. Because the Court had not previously recognized Plaintiff's failure to protect claim, the Court allowed Defendants to file the instant Motion to Dismiss. Id.

Plaintiff's failure to protect claim arises out of a December 1, 2016 incident in which Plaintiff asserts Defendants placed him in a holding cell with a prisoner who had attacked him more than a week prior while awaiting transfer from Georgia State Prison ("GSP") to Telfair State Prison. Id. at 2. Plaintiff filed a single grievance, Number 236004, alleging facts relevant

to his failure to protect claim on January 24, 2017. Doc. 34-4 at 8–9. Although Plaintiff filed the grievance long after the 10-day time limit, GSP staff denied Grievance Number 236004 on the merits, as unsubstantiated. Id. In an affidavit, Jeff Sikes, the GSP grievance coordinator, attests Plaintiff did not appeal the denial of Grievance Number 236004. Doc. 34-2 at 3. Plaintiff fails to rebut Mr. Sikes' contention with evidence and does not deny his failure to appeal the denial of Grievance Number 236004 in his Response. Doc. 59.

## DISCUSSION

**I.     Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000). Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

To properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a federal inmate

submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies). "A procedural flaw ignored by a prison cannot later be resurrected by the District Court to defeat exhaustion." Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1215 (11th Cir. 2015). However, as Defendants correctly assert in their Motion, "a prison does not waive a procedural defect unless and until it decides the procedurally flawed grievance on the merits at the last available stage of administrative review." Whatley v. Smith (Whatley II), 898 F.3d 1072, 1083 (11th Cir. 2018). "The 'prison grievance system' includes all levels of administrative review. A prison preserves its interest in enforcing its own procedural rules when it enforces those rules at the final level of administrative review." Id. at 1084–85. Thus, because Plaintiff never appealed the denial of Grievance Number 236004, Defendants never waived the procedural defects in the grievance, and the parties never reached the final level of administrative review. Moreover, Plaintiff does not dispute that he failed to appeal Grievance Number 236004. Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion and **DISMISS** Plaintiff's failure to protect claim.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint for failure to exhaust administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of April, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA